Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001204
21-MAR-2018
08:08 AM

NO. CAAP-14-0001204

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GREGORY LAVALSITI, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-CR. NO. 14-1-0023)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Acting Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Gregory Lavalsiti (Lavalsiti) appeals from the September 25, 2014 Judgment entered by the Family Court of the Fifth Circuit (Family Court).[1]  Lavalsiti was convicted of Abuse of a Family or Household Member, a violation of Hawaii Revised Statutes (HRS) § 709-906(1)(5) (2014).  He appeals his conviction solely on the ground that the Family Court failed to dismiss this charge for a violation of Hawai'i Rules of Penal Procedure (HRPP) Rule 48.

After a careful review and consideration of the points raised and the arguments made by the parties, the record, and the applicable authority, we resolve Lavalsiti's points on appeal as follows:

The Family Court adopted the HRPP Rule 48 computations as presented by the State in its memorandum in opposition to Lavalsiti's motion to dismiss.  That computation took the form of a chart reproduced here:

---

[1]    The Honorable Edmund D. Acoba presided.

| TIME PERIOD: | TIME CHARGED TO STATE: | TIME CHARGED TO DEFENDANT: | HEARING: |
|---|---|---|---|
| 12/12/13-1/23/14 | 42 | | Arrest date to call list date |
| 1/23/14-2/7/14 | | 15 | Complaint filed |
| 2/7/14-2/20/14 | 13 | | arraignment |
| 2/20/14-3/13/14 | | 21 | Entry of Plea |
| 3/13/14-3/27/14 | | 14 | Continued Entry of Plea |
| 3/27/14-4/10/14 | | 14 | Continued Entry of Plea/Status of Stayed Bench Warrant |
| 4/10/14-7/30/14 | 111 | | Bench Trial |
| TOTAL DAYS: | 166 | 64 | |

Lavalsiti argues that the Family Court "erred when it failed to dismiss the charge for violating [HRPP Rule] 48[2] for

---

[2]     HRPP Rule 48(a) and (b), effective July 1, 2000, provides as follows:

Rule 48. DISMISSAL.

(a)  By prosecutor.  The prosecutor may by leave of court file a dismissal of a charge and the prosecution shall thereupon terminate.  Such a dismissal may not be filed during the trial without the consent of the defendant.

(b)  By court.  Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:

(1)  from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2)  from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or

(3)  from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

(continued...)

the period between the January 23, 2013 date of [his] arrest and setting of bail, and the bringing of charges on February 4, 2014[.]" As the Complaint was actually filed on February 7, 2014, and the Family Court actually excluded the period up until this date, we consider this fifteen-day period excluded by the Family Court.

On December 12, 2013, Lavalsiti was first arrested for the instant offense, bail was set, he posted a bond, and he was given the date of January 23, 2014[3] to appear in court. As the chart reflects, the calculation of time for HRPP Rule 48 purposes began on the date of Lavalsiti's arrest and release on bail. HRPP Rule 48(b)(1). Trial was set for July 30, 2014, and Lavalsiti filed his motion to dismiss on the same date. Therefore, the interval between his arrest and trial was a total of 230 days.

In denying Lavalsiti's motion to dismiss, the Family Court excluded a total of 64 days--including the fifteen days between Lavalsiti's first appearance date on January 23, 2014, and the date he was charged, February 7, 2014--which left a period of 166 days for the purposes of HRPP Rule 48. If this fifteen-day period is not excludable, the total elapsed time for HRPP Rule 48 purposes would be 166 + 15 = 181. Thus, the exclusion of this fifteen-day period is dispositive.

The Family Court stated, in ruling on this interval,

> I want to address the issue from the filing of the -- well, the initial arraignment and plea when no Complaint was filed to the date of the filing of the Complaint. That date, to this Court, because no charges were filed on January 23rd at the initial arraignment date, unless it's different from the transcripts, but this Court normally discharges the bond or discharges the bail, refunds the bail.

---

[2](...continued)
> Clauses (b)(1) and (b)(2) shall not be applicable to any offense for which the arrest was made or the charge was filed prior to the effective date of the rule.

(Emphasis added).

[3] Although the court date the Bail/Bond form reads "January 23, 2013" it is clearly a clerical error as the form is dated December 12, 2013.

And, in fact, because no Complaint was filed, this Court finds that at that point in time, that period of time from when the bond is discharged -- nothing restricting the liberty of the Defendant to the time the Complaint is filed -- that is an excluded period, so that's 15 days.

However, this court has recently held in State v. Visintin, CAAP-14-0000391, 2018 WL 950112 *18-21 (App. Feb. 20, 2018) that the "calendar call procedure," wherein an arrestee who is released on bail without charges will have his bail refunded or bond discharged if the State does not bring charges by the time of first appearance, did not stop the HRPP Rule 48 clock from running, nor did it constitute an excludable period under HRPP Rule 48(c)(6) or (c)(8). As this period was not excludable, the Family Court erred in denying Lavalsiti's motion to dismiss for violation of HRPP Rule 48. Our resolution of this point makes it unnecessary to consider Lavalsiti's other challenge to the Family Court's decision.

Based on the foregoing, we vacate the Judgment entered on September 25, 2014, and remand the case to the Family Court of the Fifth Circuit for dismissal pursuant to HRPP Rule 48. On remand, the Family Court shall determine whether the dismissal should be with or without prejudice.

DATED: Honolulu, Hawai'i, March 21, 2018.

On the briefs:

Mark R. Zenger,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

4